IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH DEMONT ANDERSON, | § | |
|     Petitioner, | § | |
| | § | 3:16-CV-1783-O |
| v. | § | 3:12-CR-0039-O (02) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's petition to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the foregoing reasons, the Court dismisses the petition as barred by the statute of limitations.

I.

On May 23, 2012, a jury found Petitioner guilty of bank robbery in violation of 18 U.S.C. § 2113(a) and 2. On September 7, 2012, the Court sentenced Petitioner to 210 months' imprisonment.

Prior to sentencing, on September 4, 2012, Petitioner filed a motion for new trial under Fed. R. Crim. P. 33. (ECF Crim. No. 80.) He alleged that (1) his non-testifying co-defendant, Jeremy Butler, who was undergoing a competency examination at the time, told fellow inmates that Petitioner did not know that he was going to rob the bank; (2) Teddy Rogers, the unindicted passenger in Petitioner's vehicle during the robbery, would have testified—absent a threat of prosecution from the government—that he and Petitioner lacked knowledge that Butler was going to rob the bank; and (3) the government's comment in closing argument that Teddy Rogers was not indicted because

1

he was facing a life sentence in state court was untrue and created a manifest injustice.

At sentencing, the Court denied Petitioner's motion for new trial. The Court found that the evidence against Petitioner "was overwhelming"; that the inmates' statements were inadmissible and not "likely to produce an acquittal"; that Petitioner had not produced newly discovered evidence; that it had sustained Petitioner's objection to the government's closing argument and cured any prejudice with an instruction to the jury; and that Teddy Rogers made a counseled decision not to testify. (ECF Crim. No. 97 at 15-16.)

After sentencing, on September 21, 2012, Petitioner filed a second motion for new trial. (ECF Crim. No. 89.) He alleged newly discovered evidence that co-defendant Butler's counsel was seeking a competency hearing for Butler. Petitioner claimed Butler lacked the mental capacity to form an intent to commit bank robbery, which he argued supported his claim that he was unaware Butler intended to rob a bank. The Court denied the motion in a written order. (ECF Crim. No. 93.) The Court concluded that Petitioner had "failed to show that the post-trial finding that Butler is incompetent is material, not merely cumulative or impeaching, and would probably produce an acquittal." (*Id.* at 3 (citing *United States v. Gonzalez*, 661 F.2d 488, 496 (5th Cir. 1981)).

On September 23, 2012, Petitioner filed a direct appeal. On June 20, 2014, the Fifth Circuit affirmed his conviction and sentence, as well as the denial of his motions for new trial. *See United States v. Anderson*, 755 F.3d 782 (5th Cir. 2014). Petitioner did not

2

file a petition for writ of certiorari.

On June 25, 2016, Petitioner filed the instant § 2255 petition. He argues:

1. His sentence is unlawful under *Johnson v. United States*, 135 S. Ct. 2551 (2015);

2. He is actually innocent; and

3. The prosecutor committed misconduct during closing arguments.

On August 7, 2017, Petitioner filed a supplemental petition arguing his counsel was ineffective for failing to challenge the career offender provisions under §§ 4B1.1 and 4B1.2 of the sentencing guidelines. On August 18, 2016, and July 18, 2017, the government filed motions to dismiss the petition as barred by the statute of limitations. On August 17, 2017, the government filed a response to Petitioner's supplemental petition. On October 17, 2017, Petitioner filed a reply.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). On June 20, 2014, the Fifth Circuit decided Petitioner's appeal. Petitioner's conviction became final ninety days later on September 22, 2014. *See* Sup. Ct. R. 13. He then had one year, or until September 22, 2015, to file his § 2255 petition. He did not file his petition until June 26, 2016. His petition is therefore untimely under § 2255(f)(1).

**1.    *Johnson v. United States***

Petitioner claims his petition is timely under § 2255(f)(3) based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court considered the residual clause of the Armed Career Criminal Act, (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." (*Id.*) The Court found the residual clause to be unconstitutionally vague. Although Petitioner was not sentenced under the ACCA, he argues that the career offender enhancement under USSG § 4B1.2(a)(2) contains the same language as the ACCA's residual clause, and therefore his enhanced sentence under § 4B1.2(a)(2) is unconstitutional.

Under the Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), Petitioner's claims are without merit. *Beckles* held that the

4

sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. The *Johnson* decision therefore does not extend Petitioner's limitations period.

**2.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to allege facts showing he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**3.     Actual Innocence**

Petitioner argues he should be excused from the limitations period because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a

gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*.

Here, Petitioner states he has new evidence that co-defendant Jeremy Butler informed the prosecutor, and others, that Petitioner was not involved in the robbery. Petitioner, however, raised these claims in his motions for new trial, and on direct appeal. He has failed to submit any new evidence to support his claims. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

III.

The Court hereby GRANTS Respondent's motion to dismiss the petition as barred by the statute of limitations.

IT IS SO ORDERED.

Signed this 2nd day of November, 2017.

                                          _____
                                          Reed O'Connor
                                          **UNITED STATES DISTRICT JUDGE**